# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GARY LAUHARN,

        Petitioner,        :    Case No. 3:14-cv-116

    - vs -                            District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

EDWARD SHELDON, WARDEN,
 Toledo Correctional Institution,

                                    :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Gary Lauharn brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Miami County Common Pleas Court on multiple counts of rape, pandering obscenity involving a minor, and pandering sexually oriented material involving a minor. After being sentenced, Lauharn filed a motion to withdraw his negotiated no contest plea. The trial court overruled that motion and was affirmed on direct appeal. *State v. Lauharn*, 2012-Ohio-6185, 2012 Ohio App LEXIS (2nd Dist. 2012). The Ohio Supreme Court declined jurisdiction over a subsequent appeal. *State v. Lauharn*, 135 Ohio St. 3d 1414 (2013). This timely habeas Petition followed.

The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Lauharn does not set forth a ground for relief and supporting facts in the manner provided on the standard form for § 2254 cases. Instead, he sets forth three pages of assertions about his plea. (Petition, Doc. No. 1, PageID 7-9, numbered by Petitioner as 5-1, 5-2, and 5-3.) The Magistrate Judge understands these three pages of pleadings as presenting the same claim Lauharn made to the Ohio courts, to wit, that his no contest plea was not knowing, intelligent, and voluntary.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

In deciding Lauharn's claim about his plea, the Second District Court of Appeals wrote:

> **[\*P2]** In his sole assignment of error, Lauharn contends the trial court erred in denying the plea-withdrawal motion and the motion for reconsideration of that ruling because his no-contest plea was not entered knowingly, intelligently, and voluntarily.
>
> **[\*P3]** The record reflects that Lauharn entered a no-contest plea to multiple counts of rape, pandering obscenity involving a minor, and pandering sexually oriented material involving a minor. Pursuant to a plea agreement, the State dismissed a number of additional charges. The trial court imposed an aggregate sentence of forty years in prison. Lauharn appealed.
>
> **[\*P4]** While his direct appeal was pending, Lauharn moved to withdraw his no-contest plea. The trial court overruled that motion and a motion for reconsideration while the direct appeal remained pending. Lauharn filed a second appeal from the trial court's denial of those motions.

**[\*P5]** This court disposed of the initial appeal by reversing and remanding to allow the trial court to correct a defect in its sentencing entry. *See State v. Lauharn*, 2d Dist. Miami No. 2010-CA-35, 2011 Ohio 4292 ("*Lauharn I*"). This court later dismissed Lauharn's appeal from the trial court's denial of his motion to withdraw his no-contest plea and his motion for reconsideration. This court reasoned that the trial court lacked jurisdiction to rule on the motions while a direct appeal was pending. *See State v. Lauharn*, 2d Dist. Miami No. 2011-CA-10, 2012 Ohio 1572 ("*Lauharn II*").

**[\*P6]** On May 17, 2012, with jurisdiction returned to it, the trial court again considered and overruled Lauharn's motion to withdraw his no-contest plea and motion for reconsideration. In relevant part, the trial court reasoned:

> The motion to withdraw plea filed April 1, 2011, asserts that the defendant was unaware that he could receive consecutive sentences. However, the transcript of the plea hearing of September 8, 2010, demonstrates that, on multiple occasions, Lauharn was told that the sentences for the offenses could be run concurrently or consecutively. On each occasion, Lauharn stated under oath that he understood. The motion to withdraw plea filed April 1, 2011 is overruled.
>
> The defendant also has filed a motion for reconsideration on April 14, 2011, asking the court to reconsider the court's denial of the motion to withdraw his plea. In the motion for reconsideration, Lauharn reasserts that he was not informed about the possibility of consecutive sentences. In addition, Lauharn asserts the additional ground that, at the time of the plea, he was " . . . under the influence of several medical and psychotropic medications during the time of his plea hearing." The transcript of the plea hearing reveals the court asked Lauharn if he was under the influence of any medication and Lauharn responded that he was taking seizure medication. The court explained to the defendant that if any medication affected his ability to understand what he was doing, the court would not go ahead with the plea. The defendant also assured the court that he would let the court know if he did not understand something during the plea hearing. In addition, the colloquy between Lauharn and Judge Lindeman demonstrates that the defendant

> appropriately responded to questions throughout the proceeding. This assertion that he was under the influence of multiple, albeit unnamed, medications is in contrast to the defendant's testimony at the plea hearing. The motion for reconsideration fails to establish that any medications interfered with his ability to understand the proceedings during the plea hearing. The motion for reconsideration is overruled.

(Doc. #58 at 1-2).

**[\*P7]** On appeal, Lauharn contends he should have been permitted to withdraw his no-contest plea for several reasons: (1) his attorney "convinced him he would receive a sentence from the range of 5 to 8 years"; (2) he was advised, incorrectly, that the maximum aggregate punishment he faced was ninety-two years in prison rather than 129 years; (3) the plea form and the trial court both incorrectly stated that the penalty for count ten was three to fifteen years in prison rather than two to fifteen years; (4) he did not understand that he could be required to serve consecutive sentences; and (5) he was in a "drug induced stupor at the time of the plea."

**[\*P8]** Pursuant to Crim.R. 32.1, a defendant must demonstrate a "manifest injustice" to withdraw a plea after sentencing. "A manifest injustice has been defined as 'a clear or openly unjust act' that involves 'extraordinary circumstances.'" *State v. Minkner*, 2d Dist. Champaign No. 2009 CA 16, 2009 Ohio 5625, ¶ 25, quoting *State v. Stewart*, 2d Dist. Greene No. 2003-CA-28, 2004 Ohio 3574. We review a trial court's ruling on a post-sentence motion to withdraw a plea for an abuse of discretion. *Xenia v. Jones*, 2d Dist. Greene No. 07-CA-104, 2008 Ohio 4733, ¶ 6. We see no abuse of discretion here.

**[\*P9]** During the plea hearing, Lauharn admitted that no one had promised or guaranteed him anything with regard to his sentence. He also acknowledged that the trial court would not be bound by any promises or representations made by anyone. (Plea hearing transcript at 6). Lauharn did not mention any expectation of a five-to-eight year prison sentence, and nothing the trial court said should have caused him to expect such a sentence.

**[\*P10]** The hearing transcript does reflect that the trial court told Lauharn he faced a maximum sentence of ninety-two years in prison. Actually he faced a potential 129-year sentence because three of the ten charges to which he pled were committed before

4

July 1, 1996, resulting in indeterminate sentences. Nevertheless we previously determined that we see no prejudice to Lauharn and no manifest injustice. This court previously addressed the issue in *Lauharn I*, albeit arguably in dicta. [FN 1 In part because this court's discussion of the issue in *Lauharn I* arguably was dicta, we decline the State's invitation to apply res judicata.  In addressing the validity of the plea in *Lauharn I*, this court began: "Lauharn correctly points out that at the plea hearing the trial court informed him of the wrong maximum penalty for Count 6. While he raises the issue, Lauharn does not assign error to or argue or even assert that his no-contest plea to this count was thereby rendered involuntary.  While we may therefore disregard the issue, see App. R. 12(A)(2) and 16(A), we will nevertheless address it briefly." *Lauharn I* at ¶ 7.]This court noted that advising a defendant of the maximum sentence he faces is not constitutionally required. This court also found no evidence that, but for the trial court's misstatement, Lauharn would have refused to plead. *Lauharn I* at ¶ 8-10 and fn. 2. The same reasoning applies here. We find no manifest injustice in the trial court telling Lauharn, who was fifty-seven years old, that he faced up to ninety-two years in prison rather than 129 years, particularly where he received an aggregate sentence substantially shorter than either of those terms.

**[\*P11]** We reach the same conclusion with regard to Lauharn's claim that the penalty for count ten, a second-degree felony, was misstated as being three to fifteen years in prison rather than two to fifteen years. This misstatement did not render his plea to count ten less than knowing, intelligent, and voluntary. We note that a trial court is not even required to address the minimum sentence a defendant faces. *State v. Dixon*, 2d Dist. Montgomery No. 23671, 2010 Ohio 4919, ¶ 24; *State v. Beatty*, 8th Dist. Cuyahoga No. 75926, 2000 Ohio App. LEXIS 5821, 2000 WL 1844754 (Dec. 14, 2000) (noting that a "defendant's knowledge of the maximum and minimum sentences is not constitutionally required"). Moreover, we see no likelihood that the misstatement impacted Lauharn's decision to plead no contest, particularly where the trial court overstated the minimum sentence by a year. Indeed, he cannot seriously argue that he would have refused to plead if he had known the minimum sentence was a year *less* than he believed.

**[\*P12]** The sentencing transcript belies Lauharn's claim that he did not understand he could receive consecutive sentences. Lauharn argues that the trial court used misleading terminology about consecutive sentences which suggested to him that he would not receive consecutive sentences. We note that there were ten counts explained by the court. The six counts of rape were first addressed. The court stated: "And because there is more than one

5

charge here, all those rape charges, well they could all run at the same time or they could run consecutively." (Sentencing Tr. at 11-12). Lauharn acknowledged his understanding. Then, after discussing the four pandering charges, the court stated: "Because once again, we have more than one charge, those pandering obscenity charges could run concurrently, or at the same time, or whatever sentence you got on each one of those could run consecutive to one another." (*Id*. at 13). The defendant again acknowledged his understanding. Finally, the court addressed the interrelation of the two sets of charges as follows: "And since we have all- the rapes over here, and the panderings over here, *technically* the - all the rape charges and the pandering charges could all run consecutive." (Emphasis added.). (*Id*. at 14). Again, the defendant acknowledged his understanding. Later in the colloquy, when the court and defendant's counsel were calculating the maximum potential penalty, after stating that all the penalties could be consecutive, the court said: "So, I'm going to say uh, and as I explained to you *in theory* everything could run consecutive, like you know, all after - one after the other, thirty-two [4 x 8 years for the pandering charges] and sixty [calculating 6 x 10 years for the rape charges] - that's ninety-two years, actually. *In theory*." (Emphasis added.). (*Id*. at 17). It is the defendant's contention that his attorney led him to believe he would receive a 5-8 year sentence and the court's quoted dialog failed to dissuade him of this belief. His argument fails for at least three reasons. First, there is nothing of record of any representation of any sentencing expectation. To the contrary, the defendant indicated no one promised or guaranteed him anything in exchange for his pleas to the 10 charges. (*Id*. at 6). The court specifically stated it was not bound by any promises or representations and the defendant said he understood. Second, the tenor of the entire plea colloquy does not suggest that the defendant will only receive concurrent sentences. Perhaps the court was anticipating that it would not make the pandering charges consecutive to the rape charges, which is in fact what it did, but taken as a whole, the court did not mislead the defendant by its terminology. Thirdly, the charges stem from the defendant repeatedly, often daily, having sex with his daughter from the time she was about 14 until she was 17. He took photos and audio tapes of several of the encounters. He facilitated some of the offenses by giving her alcohol and perhaps drugs. The defendant admitted to the police he had an extended sexual relationship with his minor daughter. He also was charged, and convicted, of rape of one of his daughter's girlfriends. It is simply beyond belief that any attorney would indicate that the defendant would get a sentence of only 5-8 years and it is beyond belief that the defendant, knowing the egregious circumstances of

6

the charges, could ever harbor a realistic expectation of a 5-8 year sentence. The trial court advised Lauharn about the potential for consecutive sentences, and he indicated his understanding. (*Id* at 12-14, 17). His argument that the trial court misled him is not supported by the record.

[*P13] Likewise the hearing transcript belies Lauharn's claim that he was in a drug-induced stupor when he entered his no-contest plea. The trial court inquired about Lauharn's medication. He assured the trial court that his medication did not prevent him from understanding what was happening. (*Id*. at 7). He also responded appropriately to the trial court's inquiries throughout the hearing and gave no indication that he was acting under the influence of anything.

[*P14] In short, the hearing transcript demonstrates that Lauharn's plea was entered knowingly, intelligently, and voluntarily. The trial court did not abuse its discretion in finding no manifest injustice requiring withdrawal of the plea.

[*P15] The assignment of error is overruled, and the judgment of the Miami County Common Pleas Court is affirmed.

*State v. Lauharn, supra.*

A plea of guilty or no contest is valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether the plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their

> nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady*, 397 U.S. at 755.  In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and done with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The identical standard applies to a plea of no contest or *nolo contendere*. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636–37 (6th Cir. 2008).

A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

A court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

A state court finding that the plea was proper is accorded a presumption of correctness, unless the transcript of the plea proceeding is inadequate to demonstrate that the plea was voluntary, intelligent and knowing. *Stumpf v. Mitchell,* 367 F.3d 594, 600 (6th Cir. 2004), *citing Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); *Dunn v. Simmons*, 877 F.2d 1275, 1277 (6th Cir. 1989), *overruled on other grounds by Parke v. Raley*, 506 U.S. 20 (1992).

The factual findings of a state court that a plea was proper are generally presumed to be correct. *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir. 1989), overruled on other grounds by *Parke v. Raley,* 506 U.S. 20 (1992). Whether a guilty or no contest plea is or is not voluntary is a mixed question of fact and law, but state court historical factual findings underlying the determination are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Parke v. Raley*, 506 U.S. 20 (1992).

Based on the evidence before the state courts, their determination that the no contest plea was knowing, intelligent, and voluntary is a reasonable determination and their legal conclusion to sustain the plea is neither contrary to nor an objectively unreasonable application of clearly established federal law. Therefore the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 16, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

9

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).